**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 14 2014

at __11__ o'clock and __55__ min __a__ M.
SUE BEITIA, CLERK

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LARRY BUTRICK # 3910
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 440-9214
Facsimile: (808) 541-2958

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | MAG. NO. 14-1133 BMK |
| | ) | |
| Plaintiff, | ) | CRIMINAL COMPLAINT; |
| vs. | ) | AGENT'S AFFIDAVIT |
| | ) | |
| MICHAEL TANOUYE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT 1

On or about October 11, 2014, while aboard an aircraft within the Special Aircraft Jurisdiction of the United States, that is Japan Airlines flight 791, last departing from Honolulu and next landing in Honolulu, the Defendant, MICHAEL TANOUYE, did knowingly interfere, by intimidation, with a Japan Airlines flight attendant, "Y.R." in a manner that required MICHAEL TANOUYE to be physically restrained thereby interfering with the performance of the duties of "Y.R." and lessened the ability of "Y.R." to perform her duties.

All in violation of Title 49, United States Code, Sections 46504 and 46501.

### COUNT 2

On or about October 11, 2014, while aboard an aircraft within the Special Aircraft Jurisdiction of the United States, that is Japan Airlines flight 791, last departing from Honolulu and next landing in Honolulu, the Defendant, MICHAEL TANOUYE, did knowingly attempt to cause another person, to wit: "Y.O.", to engage in a sexual act, by the use of force against "Y.O.".

All in violation of Title 18, United States Code, Section 2241 (a), and Title 49, United States Code, Sections 46506 and 46501.

I further state that I am a Special Agent with the Federal Bureau of Investigation (FBI) and that this Complaint is based upon the facts set forth in the attached "Affidavit in Support of Criminal Complaint," which is incorporated herein by reference.

Dated: Honolulu, Hawaii, October 13, 2014.

Necosie M. Wilson
Special Agent, FBI

Sworn to before me, and
subscribed in my presence:
October 13, 2014, at Honolulu, Hawaii

KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF HAWAII

## **AFFIDAVIT**

I, Necosie M. Wilson, being duly sworn, hereby depose and state the following:

1. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI"), and have been so employed for approximately 4 years. Since 2011, I have been assigned to the Honolulu Field Office of the FBI, where I investigate violations of Federal law, including those violations which occur within the airport environment and on board aircraft. Title 49, United States Code, Section 46501 establishes the Special Aircraft Jurisdiction of the United States and, under Section 46501(2)(D)(i), gives the federal government jurisdiction in all criminal matters occurring on any civil aircraft that has its next scheduled destination or last place of departure in the United States, if the aircraft next lands in the United States.

2. This affidavit is in support of a complaint charging MICHAEL TANOUYE with a violation of Title 49, United States Code, Section 46504, Interference with Flight Crew Members and Attendants, and a violation of Title 18, United States Code, Section 2241(a)(1), Attempted Aggravated Sexual Abuse, By Force or Threat, both of which occurred on October 11, 2014, while aboard Japan Airlines flight 791, which departed from Honolulu International Airport (HNL) en route to Kansai International Airport (KIX) but diverted back to Honolulu due to TANOUYE's actions.

3. The facts set forth in this affidavit are based on my personal observations, my training and experience, and the information obtained from other law enforcement officers and witnesses. This statement is intended to show that there is probable cause for the violation and does not purport to set forth all of my knowledge of, or investigation

into, this matter.

**BACKGROUND**

4.     Title 49, United States Code, Section 46504 states, in pertinent part, "An individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both."

5.     Title 18 of the United States Code, Section 2241(a)(1) states, in pertinent part, " Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act…(1) by using force against that person…or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both"

6.     Title 49, United States Code, Section 46501(2)(D)(i) defines Special Aircraft Jurisdiction of the United States as including any aircraft in flight outside the United States that has its next scheduled destination or last place of departure in the United States, if the aircraft next lands in the United States.

7.     At the time of this incident, Japan Airlines flight 791 was in the Special Aircraft Jurisdiction of the United States.   Japan Airlines flight 791 arrived in Honolulu, Hawaii at approximately 7:25pm Hawaiian Standard Time on October 11, 2014 after

diverting from its scheduled route to Japan.   TANOUYE was a passenger on Japan Airlines flight 791.

**SUMMARY OF PROBABLE CAUSE**

8.   As I explain below, I believe that TANOUYE violated Title 49, United States Code, Section 46504 by assaulting a female passenger on Japan Airlines flight 791 causing the Japan Airlines flight crew to intervene which interfered with the ability of the crew to perform their duties.   As I explain below, I believe TANOUYE violated Title 18, United States Code, Section 2241(a)(1) by assaulting a female passenger on Japan Airlines flight 791 and attempting to cause her to engage in a sexual act by using force against her.

9.   On October 11, 2014 passenger Y.O. was interviewed through the use of an English and Japanese speaking interpreter.   During the interview, Y.O. stated, among other things, the following:

   a.   Y.O. was a passenger onboard Japan Airlines flight 791 on October 11, 2014.   Y.O. is a Japanese national and was traveling back to Japan after visiting Hawaii on vacation for approximately four days.   Y.O. was traveling with her mother, who was also onboard Japan Airlines flight 791 on October 11, 2014.   Y.O. and her mother were seated in the 25th row of the aircraft during the flight.

   b.   During the flight, Y.O.'s mother told Y.O. that she saw a male passenger (further identified as TANOUYE) walking up and down the aisle of the aircraft and was standing around the lavatory in the area between business class and coach. Y.O.'s mother told Y.O. that she thought the man appeared to be behaving strange

3

because he was loitering around the lavatory but did not enter the bathroom.

  c. While the flight was airborne, Y.O. went to use the lavatory in the area where TANOUYE was loitering. Upon entering the lavatory, TANOUYE forcefully entered the lavatory behind Y.O., pushed Y.O. farther into the lavatory causing Y.O. to sit down on the toilet, and TANOUYE closed the lavatory door. TANOUYE grabbed Y.O. by the shoulders and then began to forcefully pull down Y.O.'s pants and underwear. TANOUYE also began to take down his pants and underwear, exposing his penis. TANOUYE began to advance toward Y.O. as she tried to push TANOUYE away. At some point during the struggle, Y.O. pushed the emergency button inside the lavatory.

  d. Y.O's mother saw TANOUYE enter the lavatory behind Y.O. and advised a flight attendant that TANOUYE forced his way into the lavatory. Y.O.'s mother, the flight attendants, and other passengers tried to open the lavatory door but were unable because TANOUYE was blocking the door. Y.O.'s mother, the flight attendant, and other passengers were eventually able to open the lavatory door by removing the screws from the door's hinges. Once the door was opened, TANOUYE was subdued by the flight attendants and some of the other passengers. Y.O. opined that the struggle between her and TANOUYE lasted for approximately one (1) to two (2) minutes before TANOUYE was subdued.

  e. Y.O. had not seen nor met TANOUYE prior to being assaulted by TANOUYE in the lavatory. Y.O. stated that the actions taken against her by TANOUYE were unsolicited and against her will.

  f. After the flight returned to Honolulu, Y.O. was escorted by a Hawaii County Sheriff's deputy and positively identified TANOUYE as her assailant.

4

10. On October 11, 2014, Flight Attendant Y.R. was interviewed through the use of an English and Japanese speaking interpreter. During the interview, Y.R. stated, among other things, the following:

    a. Y.R. has been working as a Flight Attendant for Japan Airlines for the approximately three (3) years. Y.R. was performing her duties as a Flight Attendant onboard Japan Airlines flight 791 on October 11, 2014. During the flight, Y.R. was working in the economy section of the aircraft.

    b. During the flight, Y.R. saw a male passenger (further identified as TANOUYE) standing up and screaming. Y.R. then observed TANOUYE entering the galley area by the lavatory. Y.R. questioned TANOUYE about his condition to which TANOUYE replied that he was nauseated and asked if he could remain in the galley area.

    c. Approximately 10 minutes later, Y.R. heard a passenger say that a man was running toward the lavatory. When Y.R. turned to look at the lavatory, she saw the lavatory door being closed. Y.R. went to the lavatory, knocked on the down, and asked the person inside if everything was OK. Y.R. felt that something was wrong and could see through a small opening in the door a female (further identified as Y.O) sitting on the toilet and TANOUYE standing with his back towards the door and his face towards Y.O.

    d. A short time later, Senior Flight Attendant S.C. arrived at the lavatory door, along with some male passengers, and Y.O's mother. Y.O's mother told Y.R. that she believed that her daughter, Y.O., was inside the lavatory. Y.R. and the other Flight Attendant were able to get the door open and the male passengers tried to pull TANOUYE out of the lavatory. The male passengers struggled to subdue TANOUYE

...


and one of the male passengers was injured during the process. After TANOUYE was pulled out of the lavatory, Y.R. observed that TANOUYE's pants were down around his hips. Y.R. described TANOUYE as appearing excited, out of breath, and full of tension. Y.R. also believed that TANOUYE would become violent.

   e. Y.R. stated that it took approximately one (1) to two (2) minutes between the time that she arrived at the closed lavatory door before it was opened. Y.R. recalled that TANOUYE was drinking a lot of water during the flight.

  11. On October 11, 2014 passenger K.T. was interviewed and stated, among other things, the following:

   a. K.T. was returning to Japan after visiting Hawaii for three (3) days. K.T. was a passenger on Japan Airlines flight 791 on October 11, 2014 and was seated in business class seat 3D.

   b. During the flight, K.T. heard a loud noise coming from the vicinity of the aircraft lavatory to the rear of business class between business class and economy class. K.T. went to check on the noise and observed a Flight Attendant and a female passenger (further identified as Y.O.'s mother) both with their hands on the lavatory door trying to open the door. Y.O.'s mother was saying, "my girl, my girl" which led K.T. to believe that the person inside the lavatory was a small female child.

   c. While the Flight Attendant and Y.O.'s mother tried to open the door, K.T. observed another Flight Attendant releasing a sliding lock on the lavatory door and which caused the door to open. When the door opened, K.T. observed a female passenger (further identified as Y.O) sitting behind a male passenger (further identified as TANOUYE) in the lavatory. K.T. described the look on the TANOUYE's face as one of

someone who was in shock.

    d.    K.T. spoke with Y.O. after the incident in the lavatory and Y.O. told K.T. that Y.O. was in line with her mother to use the lavatory and when it was Y.O.'s turn to use the lavatory TANOUYE entered behind her.

    e.    K.T. positively identified TANOUYE as the male passenger who entered the lavatory with Y.O.

    12.    On October 11, 2014, economy class lead Flight Attendant M.N. was interviewed through the use of an English and Japanese speaking interpreter. During the interview, M.N. stated, among other things, the following:

    a.    M.N. was performing her duties as a Flight Attendant onboard Japan Airlines flight 791 on October 11, 2014. During the flight, Y.R. was working in the economy section of the aircraft.

    b.    Approximately one (1) hour after takeoff M.N. began to serve beverages to the economy class passengers. During this time, M.N. heard a male passenger (later identified as TANOUYE) shouting something that was incomprehensible. M.N. stated that TANOUYE had only been drinking soft drinks and when he shouted it got the attention of the other passengers around TANOUYE. TANOUYE's mother told another flight attendant that TANOUYE suffered from depression and was on medication. TANOUYE's mother told the Flight Attendants that TANOUYE would feel better if TANOUYE stood up. Subsequently, TANOUYE stood up and walked around the galley area by himself. During this time, TANOUYE appeared to be calm and told the Flight Attendants that he was going to visit his grandmother. M.N. stated that the flight attendants agreed to not serve TANOUYE alcohol because he was

on medication and they only served him tea during the flight. M.N. observed TANOUYE walking back and forth in the galley area behind the business class section of the aircraft.

   c. Approximately one (1) hour and forty-five (45) minutes into the flight, M.N. observed another Flight Attendant pounding on the door of the lavatory and M.N. proceeded in the direction of the other Flight Attendant and the lavatory. Upon reaching the lavatory, M.N. observed two (2) or three (3) male passengers, two other Flight Attendants, and a female passenger (further identified as Y.O.'s mother) at the lavatory door. M.N. could see inside the lavatory through a crack in the door and observed a female passenger (further identified as Y.O.) sitting on the toilet and TANOUYE standing over her. M.N. stated that they were unable to open the door initially but eventually removed the two latches off the top and bottom of the door and removed the door from its hinges. After the door was removed, three (3) male passengers subdued TANOUYE and during which time TANOUYE's pants were unbuttoned and pulled down just below his hips.

   d. M.N. spoke with Y.O. shortly after the incident and Y.O. told M.N. that TANOUYE tried to take off her pants inside the bathroom. While Y.O. was telling M.N. about the incident, M.N. observed Y.O. zipping up her pants. M.N. then advised the captain that there was an unruly passenger in the cabin and M.N. would give the captain more details shortly. M.N. then told TANOUYE's mother to go and see her son. TANOUYE's mother gave TANOUYE a dose of his medication which caused TANOUYE to fall to sleep. M.N. and the other Flight Attendants decided not to place restrains on TANOUYE due to the fact that he had fallen to sleep after taking his medication.

   e. M.N. stated that she believed that the TANOUYE's actions interfered

with her normal duties as a Flight Attendant as well as the duties of the other Flight Attendants in her crew.   M.N. added that the Flight Attendants had to take turns watching TANOUYE throughout the rest of the flight and that the other passengers were frightened. M.N. believed that TANOUYE's was a danger to the passengers and the crew.   M.N. advised that a male passenger injured his finger and Y.O.'s mother was bruised during the altercation.

13.   On October 11, 2014 Captain K.T. was interviewed and stated, among other things, the following:

a.   Captain K.T. was performing his duties as the Pilot in Command onboard Japan Airlines flight 791 on October 11, 2014. Captain K.T. was assisted by First Officer M.M. during the flight.

b.   Approximately two (2) hours after takeoff from Honolulu International Airport, Captain K.T. was advised by Flight Attendant M.N. that there was an unruly passenger (further identified as TANOUYE) on board the aircraft. Captain K.T. was further advised that the passenger was mentally sick and had two (2) other passengers had been injured while trying to subdue TANOUYE.   Captain K.T. was also advised that it took three (3) passengers to keep TANOUYE calm.   Feeling that the other passengers may be in danger and being concerned for their safety, Captain K.T. decided to turn the aircraft around and return to Honolulu.   Captain K.T. advised that Honolulu was the closest airport in the area at that time.

14.   On October 12, 2014 FBI Agents attempted to interview MICHAEL TANOUYE while TANOUYE was in custody in the Honolulu County Sheriff's office at the Honolulu International Airport.   TANOUYE evoked his right to have an attorney present

during the interview and the interview was terminated.

## CONCLUSION

15. Based on the foregoing, I believe there is probable cause to find that MICHAEL TANOUYE violated Title 49, United States Code, Section 46504, Interference with Flight Crew Members and Attendants. Based on the foregoing, I believe there is probable cause to find that MICHAEL TANOUYE violated Title 18, United States Code, Section 2241(a)(1), Attempted Aggravated Sexual Abuse, By Force or Threat.

Necosie M. Wilson
Special Agent - FBI

Sworn and subscribed to before
me this 13th day of October, 2014.

HONORABLE
UNITED STATES MAGISTRATE JUDGE